CHAS. A. DAY & CO., INC. *vs.* CHARLES D. BOOTH.

SAME *vs.* WADLEIGH B. DRUMMOND.

SAME *vs.* ALICE B. FARNHAM.

Cumberland.    Opinion March 1, 1924.

*A petitioner, under R. S., Chap. 51, Sec. 22, whose stockholding is colorable only, or
solely for the purpose of maintaining proceedings under said statute, is not a
person interested under the statute and entitled as of right to inspect the
records and stock book of a corporation and to take copies and
minutes therefrom.*

On exceptions.    Mandamus proceedings in three cases brought by
Charles A. Day & Co., Inc., a Massachusetts corporation, to obtain
stock lists of Mississippi River Power Company, Railway & Light
Securities Company, and United Light and Railways Company.
The three cases were heard together and the finding and ruling of
the sitting Justice embraced them all.    Counsel for the respondents
contended that the petitioner is a dealer in unlisted, inactive and
defaulted securities, and that its sole purpose in seeking these stock
lists is to use them for advertising the petitioner's business as such a
dealer.    The petitioner held only one share of stock in each of the
corporations involved in the proceedings.    The petitioner relied upon
R. S., Chap. 51, Sec. 22, which provides that the records and the
stock books of Maine corporations "shall be open at all reasonable
hours to the inspection of persons interested, who may take copies
and minutes therefrom of such parts as concern their interests."
The sitting Justice found that the stockholding of the petitioner was
only colorable, and for that reason ruled that the petitioner was not a
person interested within the meaning of R. S., Chap. 51, Sec. 22, and
therefore was not entitled to inspect the records and stock books of
the respondents, and the peremptory writ was denied in each case, to
which ruling petitioner excepted.    Exceptions overruled.

The case is fully stated in the opinion.

*Ralph W. Crockett,* for petitioner.

Verrill, Hale, Booth & Ives, for Charles D. Booth and Alice B. Farnham.

Drummond & Drummond, for Wadleigh B. Drummond.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J. Exceptions from ruling of single Justice sitting in equity. After careful and repeated examination of the record and briefs of counsel, and the extended findings of the Justice before whom the case was heard, we find it difficult to state the case, the contentions of the parties and the conclusions of law and fact, in more clear, correct, and appropriate language than that used by the sitting Justice. We therefore, adopt that finding as the opinion of the court and quote in full therefrom.

"These proceedings are upon petitions for writs of mandamus against the respondents to permit the petitioner to inspect the stock books of the corporation, of which the respondents are respectively clerks, to take copies and minutes therefrom of such parts as concern the interests of the petitioner, and to make lists of stockholders of the respective corporations. The three cases were heard together.

"The respondent Booth is clerk of Mississippi River Power Company, a corporation having outstanding capital stock consisting of 242,204 shares of the par value of $100 each, and of a total market value, at the date of the return to the alternative writ, of about $11,000,000; the number of stockholders exceeds 2900; the petitioner is the holder of one share of said stock, having a market value of about $28 at the date of the return. The stock of the Mississippi River Power Company is listed on the Boston Stock Exchange.

"The respondent Drummond is clerk of Railway & Light Securities Company, a corporation having outstanding capital stock consisting of 10,000 shares of common stock and 15,000 shares of preferred stock, of the par value of $100 each, and of a total market value, at the date of the return to the alternative writ, of approximately $2,075,000; the number of stockholders in said corporation exceeds 750; the petitioner is the holder of one share of common stock, having a market value of about $80 at the date of the return. The stock of the Railway & Light Securities Company is an 'unlisted stock.'

"The respondent Farnham is clerk of United Light & Railways Company, a corporation having outstanding capital stock consisting of 101,331 shares of First Preferred Stock, 34,087 shares of Participating Preferred Stock, and 37,852 shares of Common Stock, of the par value of $100 each, and of a total market value, at the date of the return to the alternative writ, of about $15,000,000; the number of stock-holders in said corporation exceeds 3,200; the petitioner is the holder of one share of the Common Stock, having a market value of about $104 at the date of the return. The stock of United Light and Railways Company is listed on the Chicago Stock Exchange.

"Counsel for petitioner contends that the cases of *Knox* v. *Coburn*, 117 Maine, 409, and *Day* v. *Booth*, 122 Maine, 91, are decisive of this case.

"The present plaintiff is a corporation organized to take over and succeed to the business of Charles A. Day & Company, a partnership composed of the petitioners in *Day* v. *Booth*; one of those partners, acting for the firm, was petitioner in *Knox* v. *Coburn*. The officers of the corporation are former members of the partnership, and its methods of business are the same; the form of organization was simply changed when the partnership formed to the corporate form.

"If the only question here before me is whether in the exercise of my discretion I shall refuse to the petitioner the remedy which it seeks, to enforce an alleged 'absolute and unlimited right to inspect the corporate records and the list of stockholders, whatever may be the motive or purpose in seeking to enforce it,' (*Knox* v. *Coburn*, supra), I think that the counsel may well rely upon the cases which he cited. In *Knox* v. *Coburn* the court said 'It will not be presumed that the motive of the stockholder is an improper one, and if the motive or purpose is charged to be otherwise than proper, the burden is upon the officer refusing the request, or on the corporation, to establish it.' In the present cases I think that the respondents have failed to sustain the burden of showing that the purpose of the peti-tioner is vexatious, improper or unlawful, or inimical to the interests of either the respective corporations or their stockholders, for the reasons stated at length in the opinion in *Knox* v. *Coburn*, and in the opinion *Day* v. *Booth*.

"The counsel for respondents have raised an issue in these cases not raised in either case above cited. They contend that the manner in which the petitioner intends to use the lists of stockholders which

are sought, is in violation of the 'Blue Sky Law' of this State (R. S., 1916, Chap. 40, Secs. 11-23) and that for that reason the court should exercise its discretion to refuse the list. I very much doubt whether the methods of business followed by the petitioner constitutes a violation of law and I hesitate to base the exercise of discretionary power upon the construction of the law for which counsel contends, especially in the light of the following extract from a letter from Bank Commissioner Lawrence to the firm of Charles A. Day & Company, predecessor of the petitioner, dated March 3, 1922, (Exhibit 12, defendant) 'I suppose the department has no jurisdiction over the United States mails, and it is a question just how far solicitation through the mail of citizens of Maine might constitute infringement of the law.' The ground upon which I base the decision of these cases does not require me to endorse the construction contended for.

"I think, however, that the decision of these cases must depend upon whether the petitioner has shown itself entitled to the right which it claims. The petitioner relies upon R. S., 1916, Chap. 51, Sec. 22, which provides that the corporate records and stock book 'shall be open at all reasonable hours to the inspection of persons interested, who may take copies and minutes therefrom of such parts as concern their interests,' &c.

"Has the petitioner shown itself 'interested' in the affairs of the several corporations, within the meaning of the statute? I think that this question must be answered in the negative.

"From the somewhat bulky record I find the following facts which, with the facts before stated in paragraphs two, three, four and six of this opinion, I think are decisive of these cases.

"I find that the petitioner is the owner of only one share of stock in each of the corporations concerned; that each of these shares was acquired for the sole purpose of laying a foundation to demand a list of stockholders in each company; (testimony of Charles A. Day, President, page 54. Deposition of Wilfred N. Day, Asst. Treas. p. 5); that the business of the petitioner is dealing in unlisted and inactive securities, occasionally in listed securities; that the petitioner and its predecessor, the firm of Charles A. Day & Company, have acquired for the purposes of said business approximately 2,000 lists of stockholders in various corporations, which the petitioner circularizes in the pursuit of its business; that a large proportion of these lists have been obtained by becoming a stockholder and demanding as the

privilege of a stockholder, a list of the stockholders in the corporation; that when the petitioner took over the assets of the firm of Charles A Day & Company, in or about November 1922, it took over and now holds very few shares of stock, from twelve to twenty-five, which it holds, or its predecessors had held, as qualifying shares in order to secure stock lists; (Testimony of Charles A. Day, p. 32, Deposition of Wilfred N. Day, p. 3); that it is the general policy of the petitioner following the policy of its predecessor, the firm, to dispose of the share or shares of stock which it has obtained for the purposes of obtaining stock lists, after such lists have been obtained. (Testimony of Charles A. Day, p. 33); that the purpose of the petitioner in obtaining the lists of stockholders in the three corporations here concerned is to trade in the stocks of those corporations; (Testimony of Charles A. Day, p. 11).

"Upon these facts can the petitioner be regarded as a 'person interested' within the meaning of the statute? I think not.

"In all the reported cases which have arisen in this State upon the statute hereunder consideration, so far as my examination shows, proof of the possession of one or more shares of stock standing in the name of the petitioner seems to have been regarded as sufficient to establish the petitioner's interest, and when that appeared, the interest of the petitioner has not been further questioned; undoubtedly such stockholding is sufficient evidence upon that point until the contrary appears. But where it is shown that such stockholding is only colorable, or solely for the purpose of maintaining proceedings of this kind, I fail to see how the petitioner can be said to be a person interested, entitled as of right to inspect the records and stock book of a corporation, and to take copies and minutes therefrom, of such parts as concern his interest.

"I therefore rule that upon the facts appearing in these cases the petitioner has failed to show that it is a person interested within the meaning of R. S., 1916, Chap. 51, Sec. 22, entitled to inspect the the records and stock books of the respondent.

"Peremptory writ of mandamus denied in each case."

Finding no error in the statemnt of the case or rulings of law the mandate will be,

*Exceptions overruled.*